IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE GUTIERREZ,

        Plaintiff,                  No. CIV S-06-2684 LKK EFB P

        vs.

D. K. BUTLER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court under Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment of $9.30 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the
2  reasons explained below, finds it does not state a cognizable claim against any defendant. To
3  proceed, plaintiff must file an amended complaint.

4  Any amended complaint must show that the federal court has jurisdiction and that
5  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
6  allegations are true, and must contain a request for particular relief. Plaintiff must identify as a
7  defendant only persons who personally participated in a substantial way in depriving plaintiff of
8  a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person
9  subjects another to the deprivation of a constitutional right if, under color of state authority, he
10 does an act, participates in another's act or omits to perform an act he is legally required to do
11 that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he
12 must identify the participants and allege their agreement to deprive him of a specific federal
13 constitutional right.

14 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
15 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant.
16 Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
17 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

18 The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d
19 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
20 heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.
21 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

22 Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
23 directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
24 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
25 claim."); Fed. R. Civ. P. 8.
26 ////

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Plaintiff alleges that defendants Butler, Clayton, Pitts, Olson and Steele refused to place plaintiff in protective custody at Folsom State Prison even though plaintiff feared an attack by the Southern Hispanic Prison Gang. Plaintiff presently is confined at Corcoran State Prison. He also alleges that defendants Zaniroli and Steele dragged him up three flights of stairs to his cell when he refused to walk on his own. He alleges that he told these defendants that he would resist their attempts to return him to his cell.

To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To state a claim that guards used force that violates the Eighth Amendment, plaintiff must allege wrongdoing that is objectively serious enough to violate the Eighth Amendment committed with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992). It must appear from the complaint that the guards used force not "in a good faith effort

to maintain or restore discipline," but instead "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). "De minimis" use of force that is not itself repugnant to the constitution does not violate the Eighth Amendment. *Hudson*, 503 U.S. at 9-10 ("Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights.") (citation omitted).

Plaintiff's allegations fall short of stating a claim for relief.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

1  his action.

2      Accordingly, the court hereby ORDERS that:

3      1. Plaintiff's request to proceed *in forma pauperis* is granted.

4      2. Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of $9.30. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

7      3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: December 12, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5