1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE GUTIERREZ,

11              Plaintiff,                    No. CIV S-06-2684 LKK EFB P

12        vs.

13   D. K. BUTLER, Warden, et al.,

14              Defendants.               <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17   U.S.C. § 1983.  On December 12, 2006, the court dismissed plaintiff's complaint with leave to

18   amend.  On January 16, 2007, plaintiff filed a first amended complaint.  In it, plaintiff claims that

19   various defendants failed to protect him from violence at the hands of the Southern Hispanic

20   Prison Gang, used excessive force against him, retaliated against him and conspired to retaliate

21   against him.

22        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

23   screening, finds that it states a cognizable claim that defendant Lt. Vickery retaliated against

24   plaintiff for plaintiff's refusal to be an informant.  *See* 28 U.S.C. § 1915A.

25        For the reasons stated below, the court finds that the complaint does not state a

26   cognizable claim against defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J.

1   Pitts or J. Olson.

2          Plaintiff may proceed forthwith to serve defendant Lt. Vickery and pursue his claims

3   against only that defendant or he may delay serving that defendant and attempt [again] to state a

4   cognizable claim against defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J.

5   Pitts and J. Olson.

6          If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

7   defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J. Pitts and J. Olson, he has

8   30 days so to do.  He is not obligated to amend his complaint.

9          If plaintiff elects to proceed forthwith against defendant Lt. Vickery, against whom he

10  has stated a cognizable claim for relief, he must within 20 days return materials for service of

11  process enclosed herewith.  In this event the court will construe plaintiff's election as consent to

12  dismissal of all claims against defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D.

13  Zaniroli, J. Pitts and J. Olson without prejudice.

14         Any amended complaint must show that the federal court has jurisdiction, that the action

15  is brought in the right place and that plaintiff is entitled to relief if his allegations are true.  It

16  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

17  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

18  right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

19  deprivation of a constitutional right if he does an act, participates in another's act or omits to

20  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

21  contends he was the victim of a conspiracy, he must identify the participants and allege their

22  agreement to deprive him of a specific federal constitutional right.

23         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

24  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

25  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

26  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A prisoner claiming that his Eighth Amendment right to protection from violence at the hands of other prisoners has been violated must allege that a specific individual was deliberately indifferent to his safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate."  *Farmer*, 511 U.S. at 837.  Plaintiff alleges that on June 11, 2002, he was transferred to Folsom State Prison with a note in his file stating that his behavior should be monitored because plaintiff's presence might compromise institutional safety.  Amended Comp. at 3.  He alleges that he notified defendants Lt. Clayton, D. K. Butler, Sgt. Zaniroli, and Lt. Vickery knew that plaintiff feared an attack by the Southern Hispanic Prison Gang, but failed to place plaintiff into protective custody.  *Id.* at 4-

1  6. Plaintiff does not allege that any member of that gang attacked him, and he now is housed at a

2  different prison.

3          To state a claim guards used force that violates the Eighth Amendment, plaintiff must

4  allege wrongdoing that is objectively serious enough to violate the Eighth Amendment

5  committed with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 7-9

6  (1992). It must appear from the complaint that the guards used force not "in a good faith effort

7  to maintain or restore discipline," but instead "maliciously and sadistically for the very purpose

8  of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). "De minimis" use of force that

9  is not itself repugnant to the constitution does not violate the Eighth Amendment. *Hudson*, 503

10  U.S. at 9-10 ("Not every push or shove, even if it may seem unnecessary in the peace of the

11  judge's chambers, violates a prisoner's constitutional rights.") (citation omitted). Plaintiff

12  alleges that on August 14, 2002, he repeatedly refused orders to return to his cell. Defendant Lt.

13  Steele asked plaintiff if he would resist correctional officers' efforts to return him to his cell, and

14  plaintiff said that he would. Plaintiff then curled up on the floor to resist any such efforts.

15  Thereafter, defendants Lt. Steele and Sgt. Zaniroli "jerked him off the floor and dragged him up

16  three flights of stairs," and instead of dragging him up two more flights to plaintiff's cell, they

17  ordered him into a holding cage. Plaintiff obeyed this order.

18          To state a claim for retaliation, plaintiff must allege that on a specified date an individual

19  state actor took adverse action against plaintiff for his engagement in a constitutionally protected

20  activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably

21  advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.

22  2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). A claim for conspiracy requires

23  allegations of facts showing two or more persons intended to accomplish an unlawful objective

24  of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City*

25  *of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.

26  1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an

4

1  agreement among the alleged conspirators to deprive him of his rights); *see also*, *Delew v.*

2  *Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983,

3  plaintiff must allege at least facts from which such an agreement to deprive him of rights may be

4  inferred).  Plaintiff alleges that defendants Lt. Vickery, St. Steele, Sgt. Zaniroli conspired to

5  retaliate against him for refusing to become an informant by finding him guilty of a disciplinary

6  infraction whose penalty amounted to less than the time he actually spent in administrative

7  segregation awaiting resolution of the charge.  Amended Comp. at 9.

8          Plaintiff makes no allegations against J. Pitts or J. Olson.

9          Measured against the standards explained above, plaintiff's factual allegations are

10  insufficient to state a claim against D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J.

11  Pitts or J. Olson.

12          The court (and defendant) should be able to read and understand plaintiff's pleading

13  within minutes.  *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading including many

14  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

15  injury, or joining a series of unrelated claims against many defendants, very likely will result in

16  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

17  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

18          If plaintiff's pleading is deficient on account of an omission or technical defect, the court

19  will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

20  cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

21  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

22  violates the federal rules, once explained, or the court's plain orders.

23          An amended complaint must be complete in itself without reference to any prior

24  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

25  files an amended complaint, the original pleading is superseded.

26  ////

1    By signing a second amended complaint plaintiff certifies he has made reasonable

2    inquiry and has evidentiary support for his allegations and that for violation of this rule the court

3    may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4    A prisoner may bring no § 1983 action until he has exhausted such administrative

5    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

6    *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

7    departmental decision, action, condition, or policy which they can demonstrate as having an

8    adverse effect upon their welfare."  15 California Administrative Code § 3084.1, et seq.   An

9    appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the

10   problem" and "action requested."  Therefore, this court ordinarily will review only claims

11   against prison officials within the scope of the problem reported in a CDC form 602 or an

12   interview or claims that were or should have been uncovered in the review promised by the

13   department.  Plaintiff is further admonished that by signing an amended complaint he certifies

14   his claims are warranted by existing law, including the law that he exhaust administrative

15   remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including

16   his claims against defendant Lt. Vickery.

17   Accordingly, the court hereby orders that:

18   1.  Claims against defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J.

19   Pitts and J. Olson are dismissed with leave to amend.  Within 30 days of service of this order,

20   plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.

21   Plaintiff is not obliged to amend his complaint.

22   2.  The allegations in the pleading are sufficient at least to state a cognizable claim

23   against defendant Lt. Vickery.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court

24   shall provide to plaintiff a blank summons, a copy of the pleading, with any and all attachments,

25   filed Janaury 16, 2007, one USM-285 form and instructions for service of process on defendant

26   Lt. Vickery.  Within 20 days of service of this order plaintiff may return the attached Notice of

Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the endorsed January 16, 2007, complaint and attachments, if any.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Lt. Vickery will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants D. K. Butler, R. Clayton, Lt. T. Steele, Sgt. D. Zaniroli, J. Pitts and J. Olson without prejudice.

Dated:   March 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 JOE GUTIERREZ,

11          Plaintiff,             No. CIV S-06-2684 LKK EFB P

12    vs.

13 D. K. BUTLER, Warden, et al.,

14         Defendants.     <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

15 _____/

16      Plaintiff hereby submits the following documents in compliance with the court's order

17 filed _____:

18        <u>  1  </u>      completed summons form

19        <u>  1  </u>      completed form USM-285

20        <u>  2  </u>      copies of the <u>  January 16, 2007  </u>

21                               First Amended Complaint

22 Dated:

23                           _____

24                              Plaintiff

25

26