1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE GUTIERREZ,

11              Plaintiff,                    No. CIV S-06-2684 LKK EFB P

12        vs.

13   D. K. BUTLER, et al.,                    FINDINGS AND RECOMMENDATIONS

14              Defendants.

15   _____/

16        Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17   U.S.C. § 1983.  This action proceeds on the January 11, 2007, first amended complaint, in which

18   plaintiff alleges that on August 25, 2002, defendant Vickrey filed a false rules violation report

19   ("RVR") in retaliation for plaintiff's refusal to become an informant.  Pending before the court is

20   defendants' July 5, 2007, motion to dismiss this action as untimely, *see* Fed. R. Civ. P. 12(b)(6),

21   and plaintiff's opposition thereto.  For the reasons explained below, the court finds this action is

22   untimely.

23   **I.     Facts**

24        Plaintiff alleges that on August 14, 2002, defendant Vickrey threatened plaintiff that he

25   would issue an RVR against plaintiff if he did not agree to gather information about prisoners

26   who had weapons or drugs, or who were "aggressors."  Am. Compl., at 6-7.  Plaintiff

1

1    refused, and on August 25, 2002, he received an RVR charging him with threatening staff.  Am.

2    Compl., at 7.  Plaintiff alleges that Vickrey signed the RVR in retaliation for plaintiff's refusal to

3    become an informant.  Plaintiff pursued available administrative remedies, and exhausted them

4    on December 23, 2002.  Pl.'s Opp'n, at 2-3.  For purposes of defendant's motion, the court

5    deems the initial complaint filed on November 20, 2006, the date plaintiff gave his complaint to

6    prison officials to be mailed to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988)

7    (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for

8    delivery to the court).  The court deems the amended complaint filed on January 11, 2007, the

9    date plaintiff gave his complaint to prison officials for mailing to this court.  *See Id.*

10   **II.      Standards on Motion to Dismiss**

11           In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

12   contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic*

13   *Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007)  (stating that the

14   12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its

15   claims which would entitle plaintiff to relief "has been questioned, criticized, and explained

16   away long enough," and that having "earned its retirement," it "is best forgotten as an

17   incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount

18   to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

19   action.  *Bell Atlantic*, 127 S.Ct. at 1965.  Instead, the "[f]actual allegations must be enough to

20   raise a right to relief above the speculative level on the assumption that all the allegations in the

21   compliant are true (even if doubtful in fact)."  *Ibid*.  Dismissal may be based either on the lack

22   of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

23   theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  That an action

24   is untimely may be raised by a motion to dismiss as long as "the running of the statute is

25   apparent on the face of the complaint."  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

26   Cir. 1980).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.     Standards Governing the Statute of Limitations**

In an action brought pursuant to 42 U.S.C. § 1983, the law of the forum state determines the applicable limitations period. *Wilson v. Garcia*, 471 U.S. 261, 276 (1995). Federal law

1  governs when a claim accrues.  *See Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir.

2  1994).  Thus, a claim accrues when the plaintiff knows, or should know, of the injury which is

3  the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).   The

4  forum state's law governs both statutory and equitable tolling.  *See Hardin v. Straub*, 490 U.S.

5  536, 537-39 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).

6         In California, the limitation period for an action based on a personal injury is two years.

7  Cal. Civ. Proc. Code §351.1 (West 2006).[1]  For a person who is serving a prison term of less than

8  life at the time the cause of action accrues, the limitation period does not run for up to two years

9  while the plaintiff is in prison.  Cal. Civ. Proc. Code § 352.1(a) (West 2006).  This exclusion,

10  however, applies to actions by prisoners concerning the conditions of their confinement, or

11  portions thereof, in which the plaintiff seeks to recover damages.  Cal. Civ. Proc. Code

12  § 352.1(c) (West 2006).  Moreover, when a party cannot commence an action because of a

13  statutory prohibition, the time of the prohibition "is not part of the time limited for the

14  commencement of the action."  Cal. Civ. Proc. Code § 356 (West 2006).  A limitation period is

15  not suspended by a disability or impediment to suit arising after the period commenced running.

16  *Rose v. Petaluma & S.R. Ry. Co.,* 64 Cal. App. 213, 217 (Cal. Ct. App. 1923).  Therefore, the

17  basis for extending the time for commencing the limitation period must exist at the time the

18  cause of action accrues. When a plaintiff operates under two or more coexisting disabilities, the

19  limitation period does not attach until they are removed.  Cal. Civ. Proc. Code § 358 (West

20  2006).  However, one disability cannot be "tacked" onto another so as artificially to extend the

21  time the limitations period commences.  *Rose*, 64 Cal. App. at 217.   With these standards in

22

23         [1]  On August 25, 2002, when plaintiff's cause of action accrued, a one-year limitations
    period applied to personal injury actions.  Cal. Civ. Proc. Code § 340(3) (West 1982).
24  Defendant assumes that the two-year limitation period applies, without addressing the question
    of retroactivity.  *See Two Rivers v. Lewis*, 174 F.3d 987, 993 (9th Cir. 1999) (federal law governs
25  the question of whether a limitation period is given retrospective application).  Since defendant
    prevails applying the longer limitation period, he obviously would prevail under the shorter
26  period.  Therefore, the court does not consider retroactivity.

1    mind, the court turns to the facts of this case.

2    **IV.    Analysis**

3           Vickrey contends that plaintiff's action is untimely.  He also asserts that even if the initial

4    complaint was timely filed, dismissal is still warranted because the only claim from the amended

5    complaint on which the screening order permitted plaintiff to proceed pursuant to 28 U.S.C.

6    § 1915A does not relate back to any claim in the original complaint.  Plaintiff contends that he is

7    entitled to tolling for the time it took him to exhaust available administrative remedies.  Pl.'s

8    Opp'n, at 2-3.

9           Defendant concedes that plaintiff's cause of action accrued on August 25, 2002, and that

10   the two-year limitations period applies.  Def.'s Mot. to Dism., at 5-6.  The parties agree that with

11   respect to his demand for damages, plaintiff benefits from the statutory disability of

12   imprisonment because he was a prisoner serving a term of less than life on August 25, 2002.  If

13   no other tolling or disability provisions apply, plaintiff had to commence this action no later than

14   August 25, 2006, and the November 20, 2006, complaint is two months and 26 days late.

15   Plaintiff's reliance on the nearly four months it took him to exhaust does not save this action.

16   There is no question that federal law prohibited him from commencing this action until after

17   December 23, 2002, when he exhausted the available administrative remedies.  *See* 42 U.S.C. §

18   1997e(a).  Moreover, the prohibition existed at the time the cause of action accrued because state

19   regulations permit prisoners to submit a grievance about any problem, *see* Cal. Code Regs. tit.

20   15, § 3084.1, and limit the time for doing so to no later than 15 days from the time the event

21   giving rise to the problem grieved.  *See* Cal. Code Regs. tit. 15, § 3086.6.

22          Thus, plaintiff operated under a statutory prohibition for which California suspends

23   operation of the limitation period.  *See* Cal. Civ. Proc. Code § 356 (West 2006).  But the nearly

24   four months it took to exhaust the administrative remedy coexisted with the two year statutory

25   disability based on imprisonment.  While the limitation period could not commence running until

26   the disabilities ceased to exist, under *Rose* plaintiff cannot extend the two-year statutorily-

1  recognized disability of imprisonment by the time it took to exhaust.  Therefore, the court finds

2  that the few months it took for plaintiff to exhaust was subsumed by the longer, two-year

3  statutorily-created disability for his imprisonment.  Plaintiff had no more than four years from

4  the date the cause of action accrued to commence this action.  As noted above, this gave him

5  until August 25, 2006.  The court therefore finds that plaintiff filed the November 20, 2006,

6  initial complaint nearly three months late.

7       Because the initial complaint was late, there is no timely complaint to which any claims

8  in the amended complaint could relate back.  *See* Fed. R. Civ. P. 15(c).  Therefore, the court does

9  not consider whether plaintiff's claims in the amended complaint satisfy the relation-back

10  doctrine.

11  **V.   Conclusion**

12       For all of the above reasons, the court finds that this action is untimely and must be

13  dismissed.

14       Accordingly, it is hereby RECOMMENDED that defendant's July 5, 2007, motion to

15  dismiss be granted and that this action be dismissed as untimely.

16       These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

22  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23  Dated:  February 14, 2008.

24                                EDMUND F. BRENNAN

25                                UNITED STATES MAGISTRATE JUDGE

26